Ludeling, C. J.
This is a suit by the State for $150 50, taxes due by defendant for the year 1871. This case is, therefore, appealable only on the ground that the tax is alleged to be unconstitutional.
The ground upon which the tax is alleged to be unconstitutional is, that “household goods, silver plate, jewelry, and mechanics’ and laborers’ tools, to the amount of five hundred dollars in each household ” are exempted from taxation. This question was decided in the case of Morrison v. Porter Larkin, tax collector, 26 An. 699. The court said, “While the exempting of the property in contravention of the constitution may be void, the levying of the tax is constitutional.” And the court said further, “ There is then no inequality of which the plaintiff can complain.” We adhere to the opinion then expressed. We can not perceive how a taxpayer can justly complain that the levying of a tax is unequal, because some property in this State has been omitted in the assessment, either through inadvertence or because it is supposed to be exempted by an unconstitutional law, for the effect would be the same. We imagine that there never has been an assessment which embraced all the property of the State; but that fact did not render the assessment unconstitutional. When the omission is discovered the property must be assessed; for the constitution and laws require that all property shall hie assessed. The other questions discussed in appellant’s brief can not be considered by this court, as they do not relate to the legality or constitutionality of the law, but they relate to questions of fact, such as whether the Auditor made *723 accurate calculations for the purpose of the assessment, or exceeded his authority, as the amount in dispute in this case is less than five hundred dollars. This court has not jurisdiction in the case for that purpose. Nor can the defendant raise the question concerning the legality of the warrants, to pay which the one mill tax is said to be levied, as the holders of said warrants are not parties to this suit, and the amount of revenues to be raised is a matter within the legislative discretion. •
It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.